UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THEODORE CHURCHILL SHOVE, SR.,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

No.  2:24-cv-01741-DAD-EFB

ORDER DENYING MOTIONS FILED IN CLOSED CASE

(Doc. Nos. 19, 22, 23, 24, 27, 28, 29, 32, 33, 34, 35, 36, 38)

Plaintiff Theodore Churchill Shove, Sr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  (Doc. No. 1.)  On February 28, 2025, this court dismissed plaintiff's complaint without leave to amend.  (Doc. No. 17.)  The court did so having concluded that in his complaint plaintiff was seeking to challenge various aspects of his underlying state criminal conviction, that plaintiff's success on those claims would invalidate his state court criminal conviction, that plaintiff was required to show that his underlying conviction had been invalidated for this court to have jurisdiction over such claims, and plaintiff had failed to make that showing.  (Doc. No. 17 at 1–2.)  Since the issuance of that dismissal order plaintiff has filed the fourteen (14) pending motions in this closed action.  These motions are universally difficult to decipher.  Nonetheless, the court construes each of those motions as, in one way or another, seeking to reopen this closed case.

/////

1

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (cleaned up) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Plaintiff's pending motions fail to identify any specific basis pursuant to Rule 60 upon which this court should reconsider its order dismissing this action, nor do they present new evidence or demonstrate that the court committed clear error in dismissing plaintiff's complaint. Accordingly, the court will deny plaintiff's motions to reopen this closed case and to reconsider its February 28, 2025 dismissal order. *See Cortes-Salcedo v. MTC Fin. Inc.*, No. 1:18-cv-01269-DAD-BAM, 2020 WL 5909101, at *1 (E.D. Cal. Oct. 6, 2020) (denying motion to reopen because the motion to reopen failed to identify a basis under Rule 60(b) for reconsideration).

/////

/////

/////

/////

/////

/////

/////

2

For the reasons explained above,

1.    Plaintiff's motions filed after the dismissal of this action and the closing of this case (Doc. Nos. 19, 22, 23, 24, 27, 28, 29, 32, 33, 34, 35, 36, 38) are DENIED;

2.    This case shall remain closed; and

3.    No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:    **March 16, 2026**                                    _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3